UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PERCY L. BONNER, SR.,
        Plaintiff,

vs.                                                              10-1341

MICHAEL RANDLE, et.al.,
        Defendants.

MERIT REVIEW ORDER

This cause is before the court for a merit review of the Plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center.  The Plaintiff has named three defendants including Illinois Department of Corrections Director Michael Randle, Officer Kelley and Lieutenant Dahlbach.

The Plaintiff says on May 16, 2009, he went to his regularly scheduled Narcotics Anonymous class and was told by Defendant Kelley that the class was going to be combined with Christian services.   The Plaintiff says he explained to Kelley that he was a devout Muslim and asked to be excused for the day and instead return the next week when there would be no religious service.   Kelly told the Plaintiff that he must attend the service and must submit a written summary of what he learned from the Christian speaker.  If the Plaintiff refused, he would receive a disciplinary ticket

The Plaintiff also says Kelley retaliated against him by making improper statements about him after he submitted the required written summary.  The Plaintiff says Kelley tossed his summary aside and commented that people like the Plaintiff would never amount to anything.

The Plaintiff says he complained about Defendant Kelley's conduct to Lieutenant Dahlbach, but the Lieutenant told the Plaintiff that it was his decision to combine the Narcotics Anonymous class with a religious service.   The Plaintiff says Defendants Kelley and Dahlbach violated his First, Eighth and Fourteenth Amendment rights.   The Plaintiff also alleges that Defendant Kelley's conduct violated the Illinois Administrative Code.  The Plaintiff says Defendant Randle denied the Plaintiff's grievance on the issue.

1

The Plaintiff has adequately alleged a violation of the Establishment Clause of the First Amendment. "It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise...." *Lee v Weisman,* 505 U.S. 577, 587 (1992). "Whether a specific program is religiously-oriented, or whether an inmate being 'coerced' to attend so as to constitute a constitutional violation, is generally a question of fact." *Messere v. Dennehy,* 2007 WL 2609371 at 6 (D. Mass. Sept. 6, 2007). A state action violates the Establishment clause if "(1) it does not have a secular purpose; (2) its primary effect is to advance or inhibit religion; or (3) it fosters an excessive entanglement with religion." *Henderson v Frank,* 190 Fed. Appx 507, 509 (7th Cir. 2006) *citing Lemon v. Kurtsman,* 403 U.S. 602, 612-13 (1971). *See also Kerr v Farrey,* 95 F.3d 472, 479-80 (7th Cir. 1996) (inmate could not be forced to participate in treatment program referring to "God" under threat that it would negatively impact parole or security status); *Moeller v Bradford County,* 2006 WL 319288 at 3 (M.D. Pa. Feb. 10, 2006)(prisoner who alleged he was required to attend religiously-oriented education and vocational training or forego any such training stated a claim under Establishment Clause).

However, the Plaintiff has failed to adequately articulate any other violation of his Constitutional rights. The Plaintiff has not stated an Eighth or Fourteenth Amendment claim and has not stated a retaliation claim concerning Defendant Kelly. The Plaintiff's written summary and any comments made by Defendant Kelley are part of his initial First Amendment claim, not a separate retaliation claim. The court further notes that the Plaintiff has not articulated a violation of state law based on the portion of the Illinois Administrative Code that he mentions concerning "Religious Activities." 20 Il. Admin. Code. 425.60. Finally, the Plaintiff appears to be asking for emotional damages. The Prisoner Litigation Reform Act states:

> No Federal Civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C.§1997e(e).

This statute limits a prisoner's ability to recover damages for mental and emotional distress, but he may still seek damages for other types of injury. *See Jones-Bey v Cohn,* 115 F.Supp2d 936, 939 (N.D. Ind. 2000).

Finally, the Plaintiff has filed a motion for appointment of counsel. [d/e 3]. The Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

In this case, the Plaintiff has not provided adequate evidence that he made a reasonable attempt to find counsel on his own. The Plaintiff refers to a law center and one law firm, but has not provided copies of any letters he sent or received. Even if the Plaintiff had attempted to retain counsel, the court finds that the Plaintiff is competent to represent himself at this stage of the

proceedings. The Plaintiff has one surviving claim that does not involve any complex testimony or medical records. The Plaintiff is capable of telling his version of events and providing copies of any grievances or other documents he sent or received concerning the May 16, 2009 class. The motion is denied. [d/e 3].

**IT IS THEREFORE ORDERED:**

**1) The merit review hearing scheduled for December 2, 2010 is canceled. Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the Plaintiff states the following federal claim: Illinois Department of Corrections Director Michael Randle, Officer Kelley and Lieutenant Dahlbach violated the Plaintiff's rights pursuant to the Establishment Clause of the First Amendment on May 16, 2009 during a scheduled Narcotics Anonymous class**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The Plaintiff's motion for appointment of counsel is denied. [d/e 3]**

Entered this 15th Day of November, 2010.

**s/Michael M. Mihm**

_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE